Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Byron L. Pickard
Mark Fox Evens
Michael B. Ray
Nirav N. Desai
STERNE, KESSLER, GOLDSTEIN, & FOX P.L.L.C.
1100 New York Avenue, NW
Washington, D.C. 20005
(202) 371-2600

*Attorneys for Plaintiff Power Survey, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **POWER SURVEY, LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**PREMIER UTILITY SERVICES, LLC, and L-3 COMMUNICATIONS HOLDINGS, INC. d/b/a/ NARDA SAFETY TEST SOLUTIONS**<br><br>*Defendants*. | Civil Action No. 2:13-CV-05670-FSH-MAH<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded**<br><br>**(Filed Electronically)** |

Plaintiff Power Survey, LLC ("Power Survey") for its Amended Complaint against Defendants Premier Utility Services, LLC ("Premier Utility") and L-3 Communications Holdings, Inc. doing business as Narda Safety Test Solutions ("Narda") alleges as follows:

## THE NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100, et seq.

## THE PARTIES

2. Power Survey is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 25 Campus Drive, Kearny, New Jersey 07032. Power Survey regularly engages in business in this judicial district.

3. According to publicly available records, Premier Utility is a limited liability corporation organized and existing under the laws of the State of New York, having a principal place of business at 100 Marcus Blvd, Suite #3, Hauppauge, New York 11788. Premier Utility is registered to do business in New Jersey as a foreign LLC and can be served through its New Jersey registered agent for service of process, National Registered Agents, Inc. of New Jersey, 100 Canal Pointe Blvd., Suite 212, Princeton, New Jersey 08540.

4. According to publicly available records, Narda Safety Test Solutions is a division of L-3 Communications Holdings, Inc., a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 Third Ave New York, New York, 10016-1901.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America pursuant to 35 U.S.C. §§ 1, et seq.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Premier Utility pursuant to New Jersey Long-Arm Statute J.J. CT. R. 4:4-4 and principles of due process. Premier Utility has sufficient minimum contacts with New Jersey and this district, and the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Personal jurisdiction over Premier Utility is proper under principles of specific jurisdiction. Premier Utility is in the business of

providing contact-voltage-testing services in the State of New Jersey and throughout the United States. Personal jurisdiction over Premier Utility is also proper under principles of general jurisdiction in that Premier Utility either resides in this state and district or has regularly and purposefully conducted business in New Jersey and this district. Premier Utility is registered to do business in the State of New Jersey as a foreign limited liability corporation, Business ID Number: 0600229413.

8. This Court has personal jurisdiction over Narda pursuant to New Jersey Long-Arm Statute J.J. CT. R. 4:4-4 and principles of due process. Narda has sufficient minimum contacts with New Jersey and this district, and the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Narda is in the business of providing contact-voltage-testing products for use in the State of New Jersey and throughout the United States. Personal jurisdiction over Narda is also proper under principles of general jurisdiction in that Narda either resides in this state and district or has regularly and purposefully conducted business in New Jersey and this district. Narda has also agreed to waive all objections to and consent to personal jurisdiction and venue of this action before this Court.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because each of Premier Utility and Narda either reside in this district or have committed acts of infringement in this district, or both.

## BACKGROUND

10. Contact or stray voltage ("contact voltage") is an elevated voltage condition that appears on or near the elements of an electric-distribution system and the devices it supplies. One of the many causes of contact voltage is damaged or deteriorated electrical insulation. Workmanship issues, design flaws, and infrastructure decay are among the other causes of contact voltage. Voltage potentials on structures and surfaces that are publicly accessible create a

potential hazard. In these cases, objects such as metal fences, street lights, traffic signals, fire hydrants, bus shelters and even sections of sidewalk or roadway become energized. Exposure of a person or animal to contact voltage can be hazardous and has led to injury and death of pedestrians and pets.

11.     Some power utilities employ manual-inspection programs to detect contact voltage. This method deploys field technicians with handheld probes who must test potentially hazardous structures on foot. This method is ineffective, labor intensive, slow, and often leads to missed hazards.

12.     Power Survey developed an accurate and reliable vehicle-mounted system to detect structures energized as a result of contact voltage. Power Survey's SVD2000 mobile electric field detector is a sensitive and accurate mobile contact-voltage-detection system. The SVD2000 is designed to locate contact-voltage hazards from a moving vehicle. The system reliably detects voltages on all surfaces in an area, including, for example, streetlights, manholes, fences, hand-hole covers, roadways, and sidewalks.

13.     Power Survey's fleet of SVD2000 systems has successfully serviced clients in the United States, Canada, and Europe. In total, Power Survey's SVD systems have tested millions of structures and detected thousands of instances of contact voltage. Power Survey's innovative technology is protected by several patents and pending patent applications, including the three patents-in-suit identified in the following three paragraphs.

14.     On July 9, 2013, the United States Patent and Trademark Office duly and lawfully issued US Patent No. 8,482,274 ("the '274 patent"), entitled "Apparatus and Method for Monitoring and Controlling Detection of Stray Voltage Anomalies" to inventors David Kalokitis, Leonard J. Schultz, Christos A. Polyzois, and Vincent Paragano, Jr. Power Survey is and at all

relevant times has been the owner of all right, title, and interest in and to the '274 patent. A copy of the '274 patent is attached hereto as Exhibit A.

15. On September 17, 2013, the USPTO duly and lawfully issued US Patent No. 8,536,856 ("the '856 patent"), entitled "Apparatus And Method For Monitoring And Controlling Detection Of Stray Voltage Anomalies" to inventors David Kalokitis, Leonard J. Schultz, Christos A. Polyzois, and Vincent Paragano, Jr. Power Survey is and at all relevant times has been the owner of all right, title, and interest in and to the '856 patent. A copy of the '856 patent is attached hereto as Exhibit B.

16. On December 3, 2013, the United States Patent and Trademark Office duly and lawfully issued US Patent No. 8,598,864 ("the '864 patent"), entitled "Apparatus And Method For Monitoring And Controlling Detection Of Stray Voltage Anomalies" to inventors David Kalokitis, Leonard J. Schultz, Christos A. Polyzois, and Vincent Paragano. Power Survey is and at all relevant times has been the owner of all right, title, and interest in and to the '864 patent. A copy of the '864 patent is attached hereto as Exhibit C.

## DEFENDANTS' INFRINGING ACTIVITIES

17. On information and belief, Defendant Narda makes, uses, offers for sale, sells, or imports the Narda Model 8950/10. On information and belief, the Narda Model 8950/10 infringes the claims of the patents-in-suit. According to Narda's website and other materials, the Narda Model 8950/10 is a mobile contact-voltage-detection system and is offered for sale and sold to power utilities and contractors performing contact-voltage testing, including Premier Utility. Narda describes the Narda Model 8950/10 as a solution for conducting contact-voltage testing designed to be mounted on a vehicle.

18. On information and belief, Defendant Narda makes, uses, offers for sale, sells, or imports the Narda Model 8950/20. On information and belief, the Narda Model 8950/20

infringes the claims of the patents-in-suit. According to Narda's website and other materials, the Narda Model 8950/20 is a mobile contact-voltage-detection system and is offered for sale and sold to power utilities and contractors performing contact-voltage testing. Narda describes the Narda Model 8950/20 as a solution for conducting contact-voltage testing designed to be mounted on a vehicle.

19. On information and belief, Premier Utility purchased from Narda the Narda Model 8950/10 and mounted it to a vehicle according to Narda's design. Premier Utility uses the mounted Narda Model 8950/10 to market and provide contact-voltage-detection services in the State of New Jersey and elsewhere in the United States.

20. On information and belief, Premier Utility also makes, uses, offers for sale, sells, or imports its own Mobile Contact Voltage Detection System (MCVD). On information and belief, Premier Utility touts the MCVD as a mobile system designed to detect contact voltages that may be hazardous to humans or pets.

21. On information and belief, Premier Utility has provided contact-voltage-detection services in the State of New Jersey using the Narda Model 8950/10. Upon information and belief, Premier Utility continues to sell or offer for sale mobile contact-voltage-detection services in the State of New Jersey.

22. The Narda Model 8950/10 infringes one or more claims of the patents-in-suit.

23. The Narda Model 8950/20 infringes one or more claims of the patents-in-suit.

24. The MCVD infringes one or more claims of the patents-in-suit.

**COUNT I: INFRINGEMENT OF THE '274 PATENT BY PREMIER UTILITY**

25. Plaintiff Power Survey realleges paragraphs 1 – 24 set forth above as if specifically set forth herein.

26. Defendant Premier Utility, in violation of 35 U.S.C. § 271(a), (b), or (c), has been infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '274 patent, either literally or under the doctrine of equivalents, through at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Model 8950/10, the Premier Utility Mobile Contact Voltage Detection System, and mobile contact-voltage-detection services.

27. Plaintiff Power Survey has suffered monetary damages as a result of Premier Utility's infringement of the '274 patent in an amount to be determined at trial.

28. Plaintiff Power Survey has suffered irreparable harm as a result of Premier Utility's infringement of the '274 patent and will continue to suffer irreparable harm unless Premier Utility is enjoined from infringing the '274 patent.

**COUNT II: INFRINGEMENT OF THE '856 PATENT BY PREMIER UTILITY**

29. Plaintiff Power Survey realleges paragraphs 1 – 28 set forth above as if specifically set forth herein.

30. Defendant Premier Utility, in violation of 35 U.S.C. § 271(a), (b), or (c), has been or is infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '856 patent, either literally or under the doctrine of equivalents, through at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Model 8950/10, the Premier Utility Mobile Contact Voltage Detection System, and mobile contact-voltage-detection services.

31. Plaintiff Power Survey has suffered or will suffer monetary damages as a result of Premier Utility's infringement of the '856 patent in an amount to be determined at trial.

32. Plaintiff Power Survey has suffered or will suffer irreparable harm as a result of Premier Utility's infringement of the '856 patent and will continue to suffer irreparable harm unless Premier Utility is enjoined from infringing the '856 patent.

### COUNT III: INFRINGEMENT OF THE '864 PATENT BY PREMIER UTILITY

33. Plaintiff Power Survey realleges paragraphs 1 – 32 set forth above as if specifically set forth herein.

34. Defendant Premier Utility, in violation of 35 U.S.C. § 271(a), (b), or (c), has been or is infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '864 patent, either literally or under the doctrine of equivalents, through at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Model 8950/10, the Premier Utility Mobile Contact Voltage Detection System, and mobile contact-voltage-detection services.

35. Plaintiff Power Survey has suffered or will suffer monetary damages as a result of Premier Utility's infringement of the '864 patent in an amount to be determined at trial.

36. Plaintiff Power Survey has suffered or will suffer irreparable harm as a result of Premier Utility's infringement of the '864 patent and will continue to suffer irreparable harm unless Premier Utility is enjoined from infringing the '864 patent.

### COUNT IV: INFRINGEMENT OF THE '274 PATENT BY NARDA

37. Plaintiff Power Survey realleges paragraphs 1 – 36 set forth above as if specifically set forth herein.

38. Defendant Narda, in violation of 35 U.S.C. § 271(a), (b), or (c), has been infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '274 patent, either literally or under the doctrine of equivalents, through

8

at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Models 8950/10 and 8950/20.

39. Plaintiff Power Survey has suffered monetary damages as a result of Narda's infringement of the '274 patent in an amount to be determined at trial.

40. Plaintiff Power Survey has suffered irreparable harm as a result of Narda's infringement of the '274 patent and will continue to suffer irreparable harm unless Narda is enjoined from infringing the '274 patent.

### COUNT V: INFRINGEMENT OF THE '856 PATENT BY NARDA

41. Plaintiff Power Survey realleges paragraphs 1 – 40 set forth above as if specifically set forth herein.

42. Defendant Narda, in violation of 35 U.S.C. § 271(a), (b), or (c), has been or is infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '856 patent, either literally or under the doctrine of equivalents, through at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Models 8950/10 and 8950/20.

43. Plaintiff Power Survey has suffered or will suffer monetary damages as a result of Narda's infringement of the '856 patent in an amount to be determined at trial.

44. Plaintiff Power Survey has suffered or will suffer irreparable harm as a result of Narda's infringement of the '856 patent and will continue to suffer irreparable harm unless Narda is enjoined from infringing the '856 patent.

### COUNT VI: INFRINGEMENT OF THE '864 PATENT BY NARDA

45. Plaintiff Power Survey realleges paragraphs 1 – 44 set forth above as if specifically set forth herein.

46. Defendant Narda, in violation of 35 U.S.C. § 271(a), (b), or (c), has been or is infringing, continues to infringe, induces others to infringe, or contributes to the infringement by others of, claims of the '864 patent, either literally or under the doctrine of equivalents, through at least the acts of making, using, selling, offering for sale, or importing infringing products and services, including the Narda Models 8950/10 and 8950/20.

47. Plaintiff Power Survey has suffered or will suffer monetary damages as a result of Narda's infringement of the '864 patent in an amount to be determined at trial.

48. Plaintiff Power Survey has suffered or will suffer irreparable harm as a result of Narda's infringement of the '864 patent and will continue to suffer irreparable harm unless Narda is enjoined from infringing the '864 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Power Survey respectfully requests that this Court grant the following relief:

A. Judgment that each Defendant infringes the patents-in-suit;

B. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participating with them, from further acts of infringement, inducing infringement, or contributing to the infringement of the claims of the patents-in-suit as alleged above;

C. Judgment against each Defendant for money damages sustained as a result of each Defendant's infringement of the claims of the patents-in-suit in an amount as provided under 35 U.S.C. §284, to be no less than a reasonable royalty with interest and costs;

D. An accounting for infringing sales not presented at trial and an award by this Court of additional damages for any such infringing sales;

E. An award of pre-judgment and post-judgment interest on the damages caused by each Defendant's infringing activities and other conduct complained of herein;

F. A judgment ordering each Defendant to pay enhanced damages pursuant to 35 U.S.C. §284, including but not limited to a judgment against each Defendant for treble damages for willful infringement of the patents-in-suit;

G. A finding that this case is an exceptional case pursuant to 35 U.S.C. § 285 and award Power Survey its costs and reasonable attorneys' fees incurred in connection with this action; and

H. Such other and further relief as this Court finds just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Power Survey hereby respectfully requests a trial by jury of all issues in this action so triable.

Dated:  December 10, 2013    By:    */s/ Liza M. Walsh*
Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Byron L. Pickard
Mark Fox Evens
Michael B. Ray
Nirav N. Desai
STERNE, KESSLER, GOLDSTEIN, & FOX P.L.L.C.
1100 New York Avenue, NW
Washington, D.C. 20005
(202) 371-2600

*Attorneys for Plaintiff Power Survey, LLC*

## LOCAL RULE 11.2 AND 40.1 CERTIFICATION

Plaintiff Power Survey, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

Dated:  December 10, 2013         By:      /s/ Liza M. Walsh
                                                                                    Liza M. Walsh
                                                                                    CONNELL FOLEY LLP
                                                                                    85 Livingston Avenue
                                                                                    Roseland, New Jersey 07068
                                                                                    (973) 535-0500

                                                                                    Byron L. Pickard
                                                                                    Mark Fox Evens
                                                                                    Michael B. Ray
                                                                                    Nirav N. Desai
                                                                                    STERNE, KESSLER, GOLDSTEIN, & FOX P.L.L.C.
                                                                                    1100 New York Avenue, NW
                                                                                    Washington, D.C. 20005
                                                                                    (202) 371-2600

                                                                                    *Attorneys for Plaintiff Power Survey, LLC*

## **LOCAL RULE 201.1 CERTIFICATION**

Plaintiff Power Survey, through its attorneys, certifies that the above-captioned matter is not subject to compulsory arbitration in that the plaintiffs seek, *inter alia,* injunctive relief.

Dated:  December 10, 2013                    By:    */s/ Liza M. Walsh*
                                                    Liza M. Walsh
                                                    CONNELL FOLEY LLP
                                                    85 Livingston Avenue
                                                    Roseland, New Jersey 07068
                                                    (973) 535-0500

                                                    Byron L. Pickard
                                                    Mark Fox Evens
                                                    Michael B. Ray
                                                    Nirav N. Desai
                                                    STERNE, KESSLER, GOLDSTEIN, & FOX P.L.L.C.
                                                    1100 New York Avenue, NW
                                                    Washington, D.C. 20005
                                                    (202) 371-2600

                                                    *Attorneys for Plaintiff Power Survey, LLC*

1782614_3.DOCX