LIZA M. WALSH
KATELYN O'REILLY
TRICIA B. O'REILLY
CONNELL FOLEY LLP
85 LIVINGSTON AVENUE
ROSELAND, NEW JERSEY 07068
(973) 535-0500

BYRON L. PICKARD
MARK FOX EVENS
MICHAEL B. RAY
NIRAV N. DESAI
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 NEW YORK AVE., N.W.
WASHINGTON, DC 20005
(202) 371-2600

*Attorneys for Plaintiff Power Survey, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POWER SURVEY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER UTILITY SERVICES, LLC, AND L-3 COMMUNICATIONS HOLDINGS, INC. d/b/a NARDA SAFETY TEST SOLUTIONS,<br><br>Defendants. | Civil Action No. 2:13-cv-05670-FSH-MAH<br><br>*Electronically Filed* |

## [~~PROPOSED~~] ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows: *The Court having reviewed the July 1, 2014 letter from counsel (D.E. 90), and it having been represented to the Court that all counsel agree to the form & entry of the within order; and for good cause shown;*

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not require complete metadata absent a showing of good cause. However, production shall be made with a Concordance or Summation dat file containing the following metadata:

| Field | Description |
| --- | --- |
| BEGBATES | Beginning document number |
| ENDBATES | Ending document number |
| BEGATTACH | Beginning document number of family unit |
| ENDATTACH | Ending document number of family unit |
| PAGE COUNT | Total number of pages for the document |
| CUSTODIAN or SOURCE | Individual's email store or copy of e-documents or other Source of e-documents |
| OCRTEXT | Path to multi-page OCR text file |
| TO | Main recipient(s) of the e-mail message |
| FROM | Sender of the e-mail message |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message |
| SUBJECT | Subject field extracted from the metadata of the native file (for emails) |
| SENTDATE | Date the e-mail message was sent |
| RECEIVEDATE | Date the e-mail message was received |
| CREATEDATE | Date the document was created |
| LASTMODDATE | Date the document was last modified |

| Field | Description |
| --- | --- |
| FILE NAME | The title of a loose e-document or email attachment if present. If not present, this field will be null. |
| FILE SIZE | File size in kilobytes (KB) |
| FILEEXT OR DOCEXT | Electronic extension of document (.doc) |
| NATIVEFILE | Link to native file named by BEGBATES |
| MD5 HASH | Hash value of each e-document |
| CONF_LABEL | Contains the confidentiality level applied. |

The production shall also include an iPro lfp or Concordance opt image load file, with single-page TIFFs to be provided for black and white images, and JPEGs for color images. Document-level OCR text (or extracted text) files for each document shall be provided, named to match the beginning bates. Excel files shall be produced natively.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

9. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to

this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Each requesting party shall limit its email production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. (Nothing in the foregoing shall preclude searches based on the propounding party's name). A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. If a party receiving an email production request objects to such request on the basis of the number of hits returned by proposed search term(s), the receiving party will generate and share a hit list with the propounding party, which hit list will show the total number of emails returned by each search term. If the parties disagree whether an unreasonably large number of hits are generated by an email request or requests, the parties shall promptly meet and confer to resolve

3172646-1                                      4

the dispute and cooperate in formulating limiting terms, times frames, or eliminated custodians, and the like to narrow email requests. Any disagreements concerning email production requests, including whether an unreasonably large number of hits is generated will submitted to the Court in accordance with the Local Rules and orders entered in this case.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. Consistent with Federal Rule of Civil Procedure 26, the parties shall provide a privilege log identifying all responsive documents withheld on the basis of any privilege and/or immunity, if such documents were created before September 23, 2013 (the filing date of the Complaint). Privileged documents created on or after September 23, 2013 need not be logged.

_____
Hon. Michael A. Hammer, U.S.M.J.
7/3/2014