[Docket No. 134]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| POWER SURVEY, LLC, | |
| Plaintiff, | |
| v. | Civil No. 13-5670 (RMB/KMW) |
| PREMIER UTILITY SERVICES, LLC, et al., | **MEMORANDUM ORDER** |
| Defendants. | |

On September 23, 2013, Plaintiff Power Survey, LLC ("Power Survey" or "Plaintiff") filed the Complaint in this matter alleging that Defendants L-3 Communications Holdings, Inc. d/b/a Narda Safety Test Solutions ("Narda") and Premier Utility Services, LLC ("Defendants") infringe three patents owned by Power Survey. These patents relate to methods and systems for detecting contact or stray voltage.

Defendants seek to stay this case pending *inter partes* review ("IPR") of all claims of the three patents. The Court previously denied Defendants' motion without prejudice to renewal upon the U.S. Patent & Trademark Office's ("PTO") ruling on the IPR petition brought by Defendants. [Docket No. 84]. On

1

November 26, 2014, the PTO granted Defendants' petitions. Defendants' renewed motion followed. [Docket No. 134].

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). As such, the decision to stay a patent case in which a request for IPR review has been granted rests within the sound discretion of the court. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)(noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

Courts typically apply a three-part test in determining a stay motion. Courts consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

The Court finds that while Plaintiff may suffer some prejudice, it will not suffer undue prejudice. First, there is no evidence before the Court that Defendants engaged in any delay tactic in seeking *inter partes* review. Indeed, as

2

mentioned, Defendants sought a stay earlier in anticipation of such review.  Pursuant to 18 U.S.C. § 316(a)(11), the Office must reach a final determination regarding the validity of Plaintiff's asserted claims.  The likelihood that this matter would be tried by this recently-assigned Court prior to that expiration date is doubtful.  No Markman hearing has been conducted; nor have any dispositive motions been filed.

Second, although Power Supply opposed the stay on the grounds that it will be at a tactical disadvantage in defending its patents in both fora, it appears that Power Supply has already begun to defend its patents before the PTO.  See, e.g., Docket No. 159.  Of course, a stay here would not impose an added burden on Plaintiff.

As for the simplification of issues, the record demonstrates that IPR was granted as to all claims asserted in this litigation.  As such, in the event the PTO cancels all asserted claims, this matter would be resolved except for defendant Narda's counterclaims.  Even if only some claims are cancelled, the matters before this Court are further simplified.  Although Plaintiff disputes the likelihood of any claims being cancelled, the bottom line is that the number of issues left to be litigated may be considerably reduced.

Finally, this matter was recently assigned to this Court.  This Court will need to conduct a Markman hearing.  Dispositive

3

motions would likely be filed after this Court's Markman ruling, and a trial date must be set.  Under these circumstances, the Court finds that a stay will promote judicial economy and efficiency by maximizing the use of the Court's and parties resources.

Balancing the above factors, the Court finds that a stay is warranted.  Defendant's motion is granted.  Accordingly,

IT IS ON THIS **18th** day **March** **2015**, **ORDERED** that Defendants' motion to stay is **GRANTED**; and

IT IS FURTHER **ORDERED** that this matter shall be administratively terminated pending further Order of the Court.


                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge